The trial court's judgment ignores the fact that appellant is incompetent and must be supported, either by the government entirely or partly by appellee. While appellee may have been lied to by a woman with severe psychological problems, it is noteworthy that he did not seek an annulment when all of the facts were on the table, but instead continued to take advantage of appellant's support and gifts.
There was an abuse of discretion in finding that a healthy male who has helped diminish appellant's assets and who is making nearly $60,000 a year should contribute nothing to the spousal support of a woman who has no earning capacity and is eighteen years older than he. The facts are that they had been married eight years and she provided most of the support during a good part of that time. Why should the taxpayers provide support that appellee is able to provide? Why should her inability to cooperate with the court be held against her? Is that a violation of rights of a person who has a disability?
Exercising discretion encompasses much more than simply addressing all of the required factors. The conclusion that is arrived at when weighing those factors must be reasonable. In my opinion, it was not reasonable to relieve appellee of any further requirement to provide spousal support.
Appellant's first assignment of error should be sustained, and the case should be remanded to the trial court for redetermination of spousal support.